IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff | * | |
| vs. | * | CIVIL NO. 97-1377 (JP) |
| TWENTY-ONE ITEMS VALUED AT $24,663.12, et al., | * | |
| Defendants | * | |



### O R D E R

The Court has before it Claimant's Motion to Revisit, Correct, and/or Modify Judgment Due to Error of Law (**docket No. 44**); Claimant's Motion to Set Rate of Interest (**docket No. 46**); Plaintiff's Motion Submitting Computation of Interest (docket No. 48); Plaintiff's Opposition to Claimant's Motion to Revisit Correct and/or Modify Judgment (docket No. 45); Plaintiff's Motion in Compliance with Order (docket No. 51); and Claimant's Reply to Motion in Compliance with Order and Motion to Strike Plaintiff's Computation of Interest and for Summary Judgment (docket No. 57).

The instant case is before the Court on remand after the First Circuit's vacation of this Court's February 25, 1998 judgment ordering the United States to pay claimant Alfonso Cardona Arredondo ("Cardona") the sum of $32,390.00. This amount represented the value

CIVIL NO. 97-1377(JP)                    2

of Cardona's property which had been seized by the United States in anticipation of the instant civil forfeiture proceeding. The United States had filed the forfeiture action against the seized property alleging that it constituted proceeds traceable to the exchange of controlled substances in which Cardona participated and that it was used to facilitate felony drug transactions (V. Compl. ¶ 1). The Court dismissed the United States' complaint as time barred on June 6, 1997. Subsequently, Cardona moved the Court to amend its judgment so as to order the United States to pay pre- and post-judgment interest on the principal. The Court denied Cardona's motion finding that the United States had not waived its sovereign immunity by way of contract or statute. Cardona appealed the Court's decision and the First Circuit vacated the Court's judgment, noting that the United States conceded that relevant case law does not bar an award of interest against it. In view of the Government's concession, the Court remanded the proceedings to the Court for a determination of the amount of interest owed to Cardona.

Before delving into the thicket of the discussion, the Court notes that Cardona's motion to revisit the judgment and the United States' motion to set interest conveys the understanding that the Court's judgment was reversed. Rather than engaging in a discussion of the applicable legal standard regarding the imposition of

CIVIL NO. 97-1377(JP)                3

interests against the Government in a forfeiture action, both parties assume that the Circuit concluded that interest is necessarily recoverable from the Government in this case. The language of the Circuit's order makes it clear that it was vacating and remanding the Court's Judgment because of the Government's concession on appeal that case law does not bar the imposition of interest payments against it in a case, such as this, where the Government is ordered to return seized property to its claimant.[1]  A vacation and remand are not synonymous with a mandate to have the district court reach a different conclusion than the one appealed. The Government's concession on appeal does not necessarily entail that interest is in fact owed to Cardona or that its interpretation of the law is necessarily correct. In fact, the Circuit stops short of making such statement and does not engage in a discussion to suggest that it subscribes to such a conclusion regarding the application of law to the facts. Therefore, the Court's duty is to revisit the issue of interests against the Government in view of its concession on appeal.

---

[1] In particular the Circuit states, "Since the government has conceded the only legal issue raised in this appeal, and argues no supportable alternative basis for an affirmance, the order denying an award of interest is <u>vacated</u>, and the case is <u>remanded</u> to the district court for a determination of the amount of interest owed to claimant."  (docket No. 42)

AO 72A
(Rev.8/82)

CIVIL NO. 97-1377(JP)                4

"The sovereign's consent to be sued cannot be implied but must be unequivocally expressed." Zumerling v. Marsh, 783 F.2d 1032, 1034 (Fed. Cir. 1986) (citations omitted). The principle of sovereign immunity extends to the imposition of interest payments against the United States. Interest does not run on a judgment against the United States "unless Congress affirmatively mandates that result." Library of Congress v. Shaw, 478 U.S. 310, 316 (1986); see also Stanley v. United States, 140 F.3d 1023, 1030 (Fed. Cir. 1998). This principle is known as the "no interest rule." See Library of Congress, 478 U.S. at 311. In determining whether or not the United States has waived its immunity from paying interest, the Court shall strictly interpret the waiver in the Government's favor. See id. at 318.

The determination that the Government should pay interests on property it seized and returned to its claimant after the dismissal of its forfeiture complaint, however, is a different legal concept from the imposition of interest in a garden variety judgment against the Government. The Ninth Circuit stated that the principle of sovereign immunity and the "no interest rule," which generally preclude the imposition of interests against the Government, do not come into play when the Court orders the Government in a civil forfeiture case to return seized property to a claimant. See United

AO 72A
(Rev.8/82)

CIVIL NO. 97-1377(JP)                    5

States v. $277,000 U.S. Currency, 69 F.3d 1491, 1493 (9th Cir. 1995); but see United States v. $7,990.00 in U.S. Currency, 170 F.3d 843 (8th Cir. 1999) (not imposing on the Government the payment of interest on returned property in forfeiture case because of sovereign immunity principles).

Rather than perceiving the payment of interest by the United States on seized property as a garden variety judgment requiring the payment of interest, the $277,000 Court deemed such imposition as a way to pay an amount that the Government actually or constructively earned by seizing the property. See United States v. $515,060.42 U.S. Currency, 152 F.3d 491, 504 (6th Cir. 1998). "While sovereign immunity customarily precludes the Government's liability for interest prior to judgment . . . to the extent that the Government has actually or constructively earned interest on seized funds, it must disgorge those earnings along with the property itself when the time arrives for a return of the seized *res* to its owner." Id. The award of interest is considered part of the seized *res* to which the Government is not entitled pursuant to the dismissal of the forfeiture action. See $277,000, 69 F.3d at 1493. Therefore, this imposition of interest is not interest the claimant gained or could have gained, but rather represents the fruits that the Government reaped from the claimant's property. In such a case, the claimant

CIVIL NO. 97-1377(JP)                6

has a right to redeem the property along with the accrued interest. See $515,060.42, 152 F.3d at 504. The Sixth and Ninth Circuits relied on an analogy that the Court finds particularly illuminating. "If the Government seized, for example, a pregnant cow and, after the cow gave birth, the Government was found not to be entitled to the cow, it would hardly be fitting that the Government return the cow but not the calf." $515,060.42, 152 F.3d at 505 (citing Sherwood v. Walker, 66 Mich. 568, 33 N.W. 919 (1987) and crediting $277,000 for developing the analogy).

In calculating the amount of interests owed by the United States after the dismissal of its civil forfeiture action, the Sixth and Ninth Circuits stated that the court must determine whether or not the funds raised from the sale of the proceeds were placed in an interest-bearing account. If so, the Government must pay the principal plus the interests *actually* earned on the seized funds. See United States v. $133,735.50, 139 F.39 729, 731 (9th Cir. 1998) (emphasis added). A judgment including principal plus interest actually accrued would prevent the Government from obtaining a windfall. In other words, the return of property plus actual interest would prevent the Government from keeping the calf of the cow. Not to require the payment of interest in those circumstances would create a dangerous incentive for the Government because seizing

CIVIL NO. 97-1377(JP)                              7

property would only result in its return to the claimant if the court dismisses the forfeiture action. In the meantime, the Government would gain and keep the interest from principal to which it is not entitled. In that sense, the Court agrees with the Sixth and Ninth Circuits' position on the imposition of interest on the Government in civil forfeiture actions.

The Sixth and Ninth Circuits go a step further and state that, even when the United States has held the funds in non-interest bearing accounts, it should pay the claimant the amount the funds *would* have accrued in interest. Those cases refer to the "constructive" accrual of interest. See, e.g., United States v. $40,000 in U.S. Currency, Civ. No. 97-1911(SEC), 1998 WL 643818, *2 (D. Puerto Rico Sept. 1, 1998). The Court is not persuaded by these rulings. To require the Government to pay an amount in interest if the funds seized were not deposited in an interest-bearing account does not serve the purposes articulated in $277,000 or $515,060.42 of preventing windfalls because in such case no windfall has occurred. The purpose of imposing interest on the Government in forfeiture cases is not to give the claimant an amount he or she could have received had he or she had the property. If that were the policy, then we would be dealing with a garden-variety judgment for interests, which is the cost of borrowing or of having the money of

CIVIL NO. 97-1377(JP)                                8

another.  See Black's Law Dictionary, 816 (7th ed. 1999).  The rationale for requiring the Government to return to the claimant the amount it acquired on interest is that such amount became part of the *res* which rightfully belongs to the claimant.  See $277,000, 69 F.3d at 1493.  As stated above, it would be inequitable to permit the Government to retain interest accrued on principal to which it is not entitled.  In a constructive interest scenario, however, the *res* has not been transformed or enlarged.  The Government is merely returning that which it seized and it has not realized a windfall because the seized property bore no fruit.  Using the cow analogy, to impose on the Government the payment of constructive interest would result in having the Government pay for calves that were never born.

The $277,000 Court cites United States v. Kingsley, 851 F.2d 16 (1st Cir. 1988), to justify its position that the Government must pay interest *constructively* earned while it possessed the property.  Even if the Court agreed with imposing constructive interest, the case at bar is distinguishable from $277,000 and Kingsley.  The Kingsley Court ordered the Government to pay the interest the monies would have gained had they been deposited in an interest-bearing account because the claimant negotiated his plea with the assurance that the monies would be deposited in interest-earning accounts.  See Kingsley, 851 F.2d at 21.  The First Circuit reasoned that the

CIVIL NO. 97-1377(JP)                    9

claimant and the Government had entered into a contract which the Government had breached. See id. at 19, 21. Therefore, the Government's obligation to pay interest arose from its contractual obligation. See id. at 21. Further, the District Courts in Kingsley and in $277,000 ordered the Government to place the funds in interest-bearing accounts and those orders added to the claimants' expectation and entitlement. See id. at 19; $277,000, 69 F.3d at 1497.

There is no indication in the instant case that the Government was ordered by the Court or agreed with Cardona to place the monies in an interest-bearing account. Cardona never had an expectation that his seized *res* would grow, especially when a substantial amount of the property seized were goods and not currency. Therefore, the constructive interest calculation does no apply in this case. The Court concludes that the only amount in interest that the Government would owe Cardona is the interest actually accrued, if any, on the monies raised through the sale of the seized property. (V. Compl. ¶ 5). The Court hereby **ORDERS** the Government to inform the Court on or before **June 1, 2000** the amount of interest, if any, that the claimant's property accrued and the circumstances surrounding such accrual. The Government shall include any and all documents related to the accrual of interest of the seized properties.

CIVIL NO. 97-1377(JP) 10

Furthermore, the Court reaffirms its decision pertaining to Cardona's lack of standing to claim or receive the value for the two automobiles seized. That issue was not brought on appeal and Cardona's motion for reconsideration is not warranted in view of the standards set forth in Rule 60(b) of the Federal Rules of Civil Procedure. The foregoing order disposes of the docket entries listed above.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of April, 2000.

JAIME PIERAS, JR.
UNITED STATES DISTRICT JUDGE